UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


WILLIAM J. O'DELL,

    Plaintiff

v.                                       CIVIL ACTION NO. 2:05-cv-0040

COAL COMPANY EMPLOYEES' COMPREHENSIVE
BENEFITS PLAN and BENEFITS COMMITTEE

    Defendants


## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion for the granting of a discovery period, filed May 25, 2005. Plaintiff William O'Dell brings his action pursuant to the provisions of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101, _et_ _seq_.

I.

Plaintiff was, during the relevant period, a participant in the Coal Company Employees' Comprehensive Benefits Plan ("the Plan"), for which defendant Benefits Committee acted as the administrator. (Def. Mem. at 2.) Plaintiff's application for total disability benefits through the Plan was denied in

**January 2004.  (Id.)**

**Plaintiff proposes to propound discovery to Benefits Committee members, limiting the scope to the following:**

(a) the analyis of the information that was presented to the board members to determine who reviewed the information and whether a summary was given to the committee members or whether they reviewed the information themselves;

(b) who underlined the information in the review file, whether it was the members or whomever;

(c) why only information that supported their decision to deny coverage was underlined rather than all relevant information that should have been considered in the decision, both for and against the plaintiff;

(d) the committee members' knowledge of the Social Security laws involved in Mr. O'Dell's getting his social security disability, whether they knew about his age and his condition;

(e) if the committee members were provided information on the surveillance of Mr. O'Dell that occurred on November 6, 2003, and on November 11, 2003;

(f) whether the committee members were allowed an inquiry as to what turned up in that area of surveillance;

(g) whether the committee members were given the opportunity to interview Mr. O'Dell or if they decided not to interview Mr. O'Dell;

(h) whether the committee members had the desire, right, obligation or duty to attain more information;

(i) if the committee members were paid and, if so, how much were they paid and who paid them.

2

(Pl. Mot. at 1-2.)

In response, defendants argue that the Plan provides that the "Benefits Committee shall have the power to construe the Plan and to determine all questions that arise thereunder." (Def. Resp. at 4 citing Administrative Record at 186.) They contend that this language constitutes a grant of discretion which calls into play the "abuse of discretion" standard of review.

For the first time on reply, plaintiff suggests that discovery is warranted because of the existence of an "inherent conflict of interest" and "procedural bias," which he says compel a "heightened" or "moderately heightened" standard of review. (Pl. Repl. at 2.) Plaintiff asserts that he must be allowed to conduct discovery so that the court will apply the proper standard of review to the denial of his application for benefits. (Pl. Repl. at 4.) Basing his argument on a review of the administrative record, plaintiff says that Massey Energy Company is the funding agent of the Plan, and that the Benefits Committee's final decision was written on the letterhead of Massey Energy. (Pl. Repl. at 4.) He suggests that notations throughout the record show that "the Benefits Committee was solely looking for a reason to deny this claim . . ." (Pl. Repl.

3

at 5.)

## II.

A district court's review of the denial of benefits in an action arising under ERISA is limited by the "abuse of discretion" standard where the plan confers on its administrator the discretion to determine eligibility for benefits and construe the terms of the plan.  <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989).  Under this standard an "administrator's decision will not be disturbed if it is the result of a principled, deliberate reasoning process and is supported by substantial evidence." <u>Elliott v. Sara Lee Corp.</u>, 190 F.3d 601, 605 (4th Cir. 1999).  However, deference to the decision of the administrator may be reduced where the administrator has a conflict of interest.  <u>Id</u>.  The resulting "modified abuse of discretion" standard allows the court to reduce the amount of deference normally afforded the plan administrator to "the degree necessary to neutralize any untoward influence resulting from the conflict."  <u>Ellis v. Metropolitan Life Ins. Co.</u>, 126 F.3d 228, 233 (4th Cir. 1997)(<u>quoting</u> <u>Bedrick v. Travelers Insurance Co.</u>, 93 F.3d. 149, 152 (4th Cir. 1996).  It is clear, however, that a court should not abandon the abuse of discretion standard based on its finding of a conflict of interest; rather "the court

modifies that abuse of discretion standard according to a sliding scale." Ellis, 126 F.3d at 233.

Though a self-funded or self-administered plan may potentially create a conflict of interest (see Booth v. Wal-Mart Stores, Inc., 201 F.3d 335, 342 (4th Cir. 2000)), there is no per se conflict where fiduciaries are associated with a plan's contributor (Bidwell v. Garvey, 943 F.2d 498, 508 (4th Cir. 1991), cert. denied, 502 U.S. 1099). It has been noted by the United States Court of Appeals for the Eighth Circuit that "[a] palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts." Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 776 (8th Cir. 1998). Farley points out, nevertheless, that "conducting limited discovery for the purpose of determining the appropriate standard of review does not run afoul of the general prohibition on admitting evidence outside the administrative record for the purpose of determining benefits." Id.

III.

Defendants argue that the court should apply the "abuse of discretion" standard of review to this case, obviating the need for any discovery, because the Plan plainly states that "[t]he Benefits Committee shall have the power to construe the Plan and to determine all questions that arise thereunder." (Def. Mem. at 4, quoting AR 285.) Plaintiff has asserted the potential existence of a conflict of interest, but defendants have neither affirmed nor denied the possibility. Indeed, plaintiff received, as he contends, a letter of denial from the Benefits Committee on the letterhead of Massey Energy Company (AR 45-49), which he argues is the Plan contributor. It appears that the Plan administrator may have ties to the contributor, but defendants do not address the potential for conflict of interest.

Plaintiff unequivocally states that he wishes to conduct discovery to ensure that the correct standard of review is applied to the Benefits Committee's denial of his application for benefits, and he appears to seek discovery for no other purpose. But, it seems, the question is not whether the abuse of discretion standard applies; rather it is whether the court is to modify the standard based on conflict of interest. Because it appears from the administrative record that the Plan is self-

6

administered, and because defendants have offered no reason why the standard should not be modified, the likelihood of conflict requiring modification appears substantial.  It seems that the interest of justice would best be served by allowing plaintiff a short period of discovery for the limited purpose of confirming the nature of the Benefits Committee's relationship to the Plan's contributor, unless the issue can be resolved by agreement.

The court notes, though, that while plaintiff's intentions appear consistent with discovery allowable in ERISA cases, his proposed inquiries exceed permissible bounds.  Discovery is generally limited in ERISA actions because those cases are governed by trust principles, and the United States Supreme Court has determined that ERISA trustees are to make determinations largely without court intervention.  Firestone Tire & Rubber Co., 489 U.S. at 111.  Because the United States Court of Appeals for the Fourth Circuit has directed that district courts not administer plans in place of designated fiduciaries (Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir. 1985))[1], plaintiff will not be allowed to inquire as to the

---

[1]  Berry was impliedly overruled by Firestone Tire & Rubber Co., cited supra, to the extent that it held ERISA cases should be decided using the "arbitrary and capricious" standard of review)

mental processes, reasoning or knowledge of the Benefits Committee, but only as to the committee's relationship to the Plan contributor.  The discovery proposed in paragraphs (a) through (h) of plaintiff's motion, set out at page 2 *supra*, is prohibited, and to that extent the motion is denied.  The motion is otherwise denied without prejudice.

## IV.

For the reasons stated herein, it is ORDERED that plaintiff advise the court in writing before August 8, 2005, whether the parties are able to stipulate to the Benefits Committee's relationship to the Plan contributor and file any such stipulation by that date.  If the parties cannot so stipulate, a further schedule for limited discovery and briefing on the issue of the nature of the relationship will then be fixed by the court.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: July 18, 2005

/s/ John T. Copenhaver
John T. Copenhaver, Jr.
United States District Judge